HERGET, Judge.
From a judgment in favor of plaintiff, Hayes Dairy Products, Inc. against defendants, Ace Freight Lines, Inc., its public liability insurer, Continental Casualty Company, and Henry Kinchen, jointly and in solido, in the sum of $400, defendants, Ace Freight Lines, Incorporated and Continental Casualty Company appealed. Henry Kinchen did not appeal from the judgment rendered against him.
The suit was consolidated and tried with several other suits by plaintiffs against the same defendants growing out of the same alleged cause of action with a separate judgment to be rendered in each case. The plaintiffs in such suits are: (1) Southern Bell Telephone and Telegraph Company, suing for damage to its telephone pole; (2) Robert Randall and Mrs. Norman Randall suing for damage to their ice cream store building; (3) Mrs. Sarah Blount Jones, an employee in the ice cream business conducted in the Randall Building, who sustained personal injuries and seeks recovery of damages therefor; and (4) The Travelers Indemnity Company, subrogated under the rights of an insurance policy for damages paid by it on the Randall Building. The cases arise out of an accident which took place at the intersection of U. S. High *34 way 190 and Louisiana Highway 43 in the Town of Albany.
Thomas Baxter, an employee of Ace Freight Lines, Inc., was driving its truck loaded with 55 barrels of petroleum products in an easterly direction on U. S. Highway 190 when in collision with a vehicle which had been driven by Henry W. Kin-chen in a westerly direction on U. S. Highway 190 made a left turn into Louisiana Highway 43, in consequence of which the left front of the Ace Freight Lines, Inc. tractor-trailer combination was in collision with the left front of the Kinchen vehicle.
The evidence, without question, shows a proximate cause of the accident was the precipitous left turn by Kinchen in the path of the approaching truck of Ace Freight Lines, Inc. when such turn could not be safely made due to the close proximity of the truck. In fact, all Plaintiffs readily concede a proximate cause of the accident was Kinchen’s negligent left turn in the path of the approaching truck, but they maintain the driver of the Ace Freight Lines truck was negligent in exceeding the speed limit and, if not exceeding the speed limit, driving the vehicle with an estimated weight of some 32 tons at the speed he was driving. The intersection at which the accident occurred is controlled by a semaphore signal and the light was green favoring the approaching Ace Freight Lines truck.
Following the collision Mr. Kinchen left the scene of the accident and was not located until the following day. Neither he nor the driver of the Ace Freight Lines truck testified.
The only evidence of the alleged excessive speed of- the Ace Freight Lines truck is estimates narrated by some of the witnesses, made with no opportunity to estimate the speed of the truck but only resulting from darting glances. From their testimony it is shown that such estimates of speed are not based upon actual observation of the truck a sufficient length of time to warrant an accurate evaluation of the speed but based only on conclusions or opinions formed by them. The only two witnesses who saw the accident would give no estimate of the speed but they were positive in their testimony the Kinchen vehicle made a left turn abruptly into the path of the truck of Ace Freight Lines, Inc. and following the collision the truck went out of control, in consequence of which the damages were done for which Plaintiffs, in their respective suits, seek recovery. None of the witnesses testified the driver of the truck had applied the brakes prior to the collision. From the physical examination made by the officer who investigated the accident immediately afterwards, he found skidmarks left by the truck subsequent to the collision but none prior thereto, thereby corroborating the testimony of the witnesses that the left turn made by Kinchen was precipitous and that the Ace truck driver was afforded no opportunity to avoid the collision. Although one of the Plaintiffs testified he observed skidmarks prior to the point of collision upon making an investigation in the afternoon of the day of the accident, from the testimony of the officer, we are of the opinion such skidmarks were made by another vehicle and were not attributable to the truck of Ace Freight Lines, Inc.
Inasmuch as Plaintiff has failed to prove the driver of the Ace Freight Lines truck was traveling at an excessive rate of speed, we are of the opinion the sole proximate cause of this accident was the negligence of Mr. Kinchen, in consequence of which, the judgment of the Trial Court in favor of plaintiff, Hayes Dairy Products, Inc. against defendants, Ace Freight Lines, Incorporated and Continental Casualty Company must be, and is, reversed and judgment is rendered in favor of Ace Freight Lines, Inc. and Continental Casualty Company against Plaintiff, rejecting its demands at its costs.
Reversed and rendered.
REID, J., recused.